**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1912
_____

IN RE: WILLIAM JOSEPH WEBB, JR.,

                                                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 1, 2021
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

　　William Webb, Jr. has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

　　In his mandamus petition, Webb alleges that on August 28, 2020, he electronically

filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for the District of Delaware. He contends that the petition was never assigned a case number or assigned to a judge. He appears to request as relief that we direct the District Court to either issue a writ of habeas corpus mandating the dismissal of state criminal charges or require the Respondents to answer the habeas petition.[1]

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Webb must show that he lacks adequate alternative means to obtain the relief he seeks, and he carries the burden of showing that his right to relief is clear and undisputable. See Mallard v. U.S. Dist. Court for S. Dist. of Ia., 490 U.S. 296, 309 (1989).

Under the circumstances of this case, Webb is not clearly and indisputably entitled to an order directing the District Court to order a response to the proposed petition or any habeas relief requested therein.[2] Nor is Webb clearly and indisputably entitled to the relief he appears to implicitly request, namely an order directing the Clerk of the District Court to docket the proposed § 2254 petition. This is because the Clerk did docket his

---

[1] Webb includes a copy of the petition, in which he challenges the actions of the judges and attorneys in proceedings in the Family Court of the State of Delaware. It appears that Webb is upset that continuances have been granted in those proceedings and that he cannot appeal the continuances. He also challenges state court criminal proceedings against him which appear to be ongoing. As relief, he asked for dismissal or a judgment of acquittal, compensatory damages, and sanctions.

[2] To the extent that Webb is requesting that we grant him habeas relief, he is not entitled to such relief. See Fed. R. App. P. 22(a) ("[a]n application for a writ of habeas corpus must be made to the appropriate district court."); see also Felker v. Turpin, 518 U.S. 651, 660-61 (1996) (noting that Rule 22(a) "bar[s] consideration of original habeas petitions in

2

proposed petition as he requested, as described below, and that filing did not initiate a new action that would have required the District Court to screen or otherwise take action on the petition.[3]

On August 20, 2020, Webb filed another habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Delaware. See § 2254 Petition, docket entry #3, Webb v May, D. Del. 1:20-cv-01092 (D. Del. August 20, 2020). He raised claims of intrusion into attorney-client privilege, willful misconduct by defense counsel, violations of his right to speedy trial, and suppression of evidence.[4]

Several days later, on August 28, 2020, an exhibit was docketed in support of the § 2254 petition. The proposed § 2254 petition attached to the mandamus petition was included in that exhibit. See EXHIBIT re [3] Petition for Writ of Habeas Corpus, docket entry #6, Webb v May, D. Del. 1:20-cv-01092 (D. Del. August 28, 2020). In the cover letter for this filing, Webb asks the Clerk to "[p]lease attach this to the Habeas Corpus Petition filed on August 19, 2020." The Clerk followed those instructions. In the proposed § 2254 petition, Webb raised the same claims as those in the then-pending § 2254 petition: violations of his right to a speedy trial, suppression of favorable

---

the courts of appeals.").
[3] We express no opinion on the merits of the proposed petition.

[4] The District Court summarily dismissed the petition. Webb filed an appeal which is pending. See C.A. No. 21-1413.

3

evidence, intrusion into attorney-client privilege, and willful misconduct by defense counsel.

Webb is not entitled to the mandamus relief that he seeks.  For the reasons above, we will deny the mandamus petition.